19 F.3d 7
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Angel Luis FIGUEROA, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 93-2028.
 United States Court of Appeals,
First Circuit.
 March 22, 1994
 
 Appeal from the United States District Court for the District of Massachusetts
 Angel Figueroa on brief pro se.
 A. John Pappalardo, United States Attorney, and Dina Michael Chaitowitz, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Angel Luis Figueroa appeals pro se from the denial of a motion under 28 U.S.C. Sec. 2255 to vacate, set aside, or correct his sentence. In 1990, upon being convicted of both conspiring and attempting to possess with intent to distribute 500 or more grams of cocaine, Figueroa was sentenced to a prison term of 188 months. This court thereafter affirmed both his conviction and his sentence. United States v. Figueroa, 976 F.2d 1446 (1st Cir. 1992), cert. denied, 113 S. Ct. 1346 (1993). Figueroa now advances a pair of challenges to his sentence, claiming that (1) the quantity of drugs for which he was held accountable was improperly inflated because of "sentencing entrapment" and other reasons, and (2) his base offense level was improperly enhanced by four levels because of his alleged leadership role. As a corollary complaint, he argues that his counsel was ineffective in failing to raise these issues earlier. Assuming arguendo that such contentions are cognizable in a Sec. 2255 proceeding, we find each of them unpersuasive and therefore affirm.
 
 
 2
 As explained in greater detail in our earlier opinion, Figueroa and his confederates were apprehended as a result of a "reverse-sting" operation involving their attempted purchase of drugs from an informant for the Drug Enforcement Agency (Estaban Mendoza). See id. at 1450-51. During the course of his negotiations with Mendoza, Figueroa discussed purchasing anywhere from three to five kilograms of cocaine, explaining that his organization had been selling approximately $6,000 worth of the drug per day in "dime" bags. The parties settled upon an initial sale of two kilograms, with $30,000 being paid up-front and $10,000 to follow. The sum of $29,850 was in fact seized at the time of arrest. At sentencing, the court determined that Figueroa was responsible not only for the two kilograms involved in the attempted sale, but for an additional three kilograms as well. This latter figure was reached by extrapolating the approximate amount of cocaine distributed over the course of the conspiracy based on Figueroa's acknowledged sales of $6,000 per day.[1] Figueroa now contends that it was error to hold him accountable for five kilograms for purposes of sentencing.
 
 
 3
 The basis for this challenge is amorphous in nature. In his petition, Figueroa devotes considerable attention to the notion of "sentencing entrapment" (or, more properly, "sentencing factor manipulation"). Whatever the theoretical viability of such a doctrine, see, e.g., United States v. Brewster, 1 F.3d 51, 55 (1st Cir. 1993); United States v. Panet-Collazo, 960 F.2d 256, 262 (1st Cir.), cert. denied, 113 S. Ct. 220 (1992); United States v. Connell, 960 F.2d 191, 194-97 (1st Cir. 1992) (all rejecting such a claim on basis of facts presented), the instant case provides no occasion to address it. Figueroa's claim in this regard is based on the misimpression that the additional three kilograms in question were those that he and Mendoza discussed for possible sale during their negotiations (beyond the two kilograms actually agreed upon). Instead, as mentioned, this figure reflected the quantity of drugs that Figueroa had admitted selling to others during the previous month. Figueroa specifically disclaims any suggestion that the two kilograms involved in the attempted sale were the subject of "manipulation." And any such argument would have faltered for the reasons recited in Brewster, 1 F.3d at 55.
 
 
 4
 In a related (if inconsistent) vein, Figueroa contends that the evidence was insufficient to hold him responsible for the three kilograms sold by his organization during the course of the conspiracy. We rejected the identical argument on direct appeal. Referring to (Angel) Figueroa and his brother Tomas, we stated:
 
 
 5
 Tomas, as well as Angel, admitted that $6,000 worth of "dime" bags were being sold daily through the record shop during the alleged conspiracy. Although appellants characterize these statements as mere "puffery," the sentencing judge who heard the trial testimony was entitled to credit their admissions. The court permissibly extrapolated the approximate amount of cocaine distributed during the relevant period based on the sums of money admittedly received. There was no clear error in the determination of the quantity of cocaine for which Angel and Tomas Figueroa were responsible.
 
 
 6
 976 F.2d at 1460-61 (citations and footnotes omitted).
 
 
 7
 Figueroa's challenge to the determination regarding his role in the offense is likewise unavailing. The district court held that he was "an organizer or leader" under U.S.S.G. Sec. 3B1.1(a) and thus was subject to a four-level enhancement. On appeal, Figueroa argues only that the evidence was insufficient to establish that he occupied a leadership role. To the contrary, as our earlier opinion amply demonstrates, see 976 F.2d at 1450-51, the district court supportably found that he "directed ... all the activities of his co-conspirators" and that he was "the controlling participant in negotiating the amount [of cocaine to be purchased], the price, and the arrangements for delivery of the money to the confidential informant." App. 44. "Role in the offense" determinations are subject to review only for clear error. See, e.g., United States v. Ruiz-Del Valle, 8 F.3d 98, 104 (1st Cir. 1993). We find none here.
 
 
 8
 Finally, as each of Figueroa's central arguments proves wanting, his subsidiary allegations regarding ineffective assistance of counsel must also fail.
 
 
 9
 Affirmed.
 
 
 
 [1]
 The indictment charged that the conspiracy occurred between December 24, 1989 and January 25, 1990. A DEA agent testified that one kilogram of cocaine would generate approximately $70,000 when distributed in "dime" bags. See 976 F.2d at 1461 n. 19